# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3724

_____

| | | |
|---|---|---|
| Ernest F. Walters, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Robert William Sirovy; Ira | * | |
| Thompson; Jeff Winters; Tom | * | |
| Gladson; Christopher R. Legear, | * | Appeal from the United States |
| | * | District Court for the |
| Plaintiffs, | * | Southern District of Iowa |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| Walter Kautzky, James McKinney; | * | |
| Herb Maschner, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  March 24, 1999

Filed:  May 17, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Inmate Ernest F. Walters appeals from the final judgment entered in the District Court[1] for the Southern District of Iowa granting summary judgment to corrections officials in his 42 U.S.C. § 1983 challenge to the "pay-for-stay" incarceration fee under Iowa Code Ann. § 904.108(7) (West Supp. 1998). The district court held that the fee statute was not an ex post facto law because it did not impose additional punishment for past criminal acts, and that the fee was collected to defray Iowa's costs for incarceration.

After de novo review, see Fogie v. Thorn Americas, Inc., 95 F.3d 645, 649 (8th Cir. 1996), cert. denied, 520 U.S. 1166 (1997), we conclude summary judgment was proper. A statute violates the Ex Post Facto Clause if it retroactively increases the punishment for criminal acts. See Collins v. Youngblood, 497 U.S. 37, 43 (1990). We agree with the district court that this ex post facto claim fails because appellant has not shown that the incarceration fee resulted in an increase in his punishment, or that the fee statute was implemented for punitive purposes. See Taylor v. Rhode Island, 101 F.3d 780, 783-84 (1st Cir. 1996) ($15 per month offender fee was not punishment because it comprised no part of any sentence imposed for crimes committed by inmates and was assessed without regard to nature or severity of inmates' respective offenses), cert. denied, 521 U.S. 1104 (1997); see also Flemming v. Nestor, 363 U.S. 603, 612-21 (1960) (statute does not violate Ex Post Facto Clause if it does not intend to punish and serves legitimate interest).

Accordingly, we affirm.

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.